UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY R. BURNETT,

        Plaintiff,                     File No. 2:06-CV-295

v.                                       HON. ROBERT HOLMES BELL

UNKNOWN LYON, et al.,

        Defendants.
                                         /

## MEMORANDUM OPINION AND ORDER
## REGARDING DISQUALIFICATION OF JUDGE

       This matter is before the Court on Plaintiff Jeffrey R. Burnett's motion to disqualify the Honorable Robert Holmes Bell. (Pl.'s Mot. to Disqualify, Docket #5.) Plaintiff is proceeding pro se. The basis of Plaintiff's motion is that the undersigned allegedly knew one of the defendants, the late Jeffrey T. Lyon. Plaintiff's motion does not identify the legal basis for his motion, however, the Court has construed Plaintiff's motion as a motion for recusal under 28 U.S.C. § 455.[1]

       Section 455 provides in relevant part:

---

[1] A motion for the disqualification of a district court judge can be made under 28 U.S.C. § 144 or 28 U.S.C. § 455. Section 144 requires the party seeking disqualification to file an affidavit. 28 U.S.C.A. § 144 (West 2006); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Plaintiff's motion does not include an affidavit or any statements sufficient to construe the motion as an affidavit. Therefore, Plaintiff's motion cannot be construed as being brought under § 144.

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C.A. § 455 (West 2006). "'[A] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)) (modifications in original).

Plaintiff makes two allegations in support of his motion for recusal.

First, Plaintiff alleges that the late Jeffrey T. Lyon had cases before the undersigned. Plaintiff also appears to allege that the undersigned knew Mr. Lyon. A search of the Court's electronic docket did not find any cases listing Mr. Lyon as an attorney. Additionally, the undersigned did not know Mr. Lyon. The mere fact that a party to a case is an attorney who may have previously had cases before the Court is insufficient to create a question of partiality or bias. *See Jorgensen v. Cassiday*, 320 F.3d 906, 911-12 (9th Cir. 2003) (holding that recusal was not warranted even though the plaintiff was a former law clerk of the presiding judge). Therefore, even if Mr. Lyon had been counsel in a case that predates the Court's electronic docket that would be insufficient to warrant recusal. Plaintiff's first allegation, that Mr. Lyon appeared before the undersigned in other cases, is not sufficient for a reasonable, objective person, to find partiality.

Second, Plaintiff alleges that the undersigned wrongfully ruled against him in a case ten years ago. Plaintiff has not identified the case or the decision. Adverse rulings against a party do not in themselves provide a basis for disqualification. *United States v. Hynes*, 467 F.3d 951, 960 (6th Cir. 2006) ("'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))); *Willner v. Budig*, 848 F.2d 1032, 1035 (10th Cir. 1988) (per curiam) ("'[A] motion to recuse cannot be based solely on adverse rulings.'" (quoting *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988) (per curiam)). Even if a ruling against Plaintiff in a prior case was erroneous, that alone would be insufficient to warrant recusal. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626-27 (9th Cir. 1993) (holding that the court of appeals' reversal of the presiding judge's decision in a prior case involving the same attorney did not warrant recusal in the present case). Thus, the alleged previous ruling against Plaintiff is insufficient to warrant recusal.

Upon consideration of the allegations in Plaintiff's motion, the Court finds that a reasonable, objective person, knowing all of the circumstances, would not question the undersigned's impartiality. Additionally, the undersigned does not have personal bias as to any of the parties and the undersigned does not have personal knowledge of disputed evidentiary facts concerning this proceeding. Therefore, there is no basis for recusal.

Accordingly,

3

**IT IS HEREBY ORDERED** that Plaintiff's motion for the Honorable Robert Holmes Bell to be disqualified (Docket #5) is **DENIED**.


Date:     April 30, 2007                    /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                CHIEF UNITED STATES DISTRICT JUDGE