UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY R. BURNETT,

        Plaintiff,                            File No.  2:06-CV-295

v.                                             HON. ROBERT HOLMES BELL

UNKNOWN LYON, et al.,

        Defendants.
        _____/

## **O P I N I O N**

This matter is before the Court on Defendants Askwith, Estate of Jeffery T. Lyon,[1] and J. Michael O'Briant's motions for summary judgment.[2] (Askwith's Mot. for Summ. J., Docket #14;  Lyon's Mot. for Summ. J., Docket #22;  O'Briant's Mot. for Summ. J., Docket #3.)  Defendants Lyon and O'Briant contend that the Court lacks subject-matter jurisdiction

---

[1] In the caption the Estate of Jeffery T. Lyon is identified as "Unknown Lyon."  The Court will refer to this party as Defendant Lyon or the Estate of Jeffery T. Lyon.

[2] Defendant Askwith moves for summary judgment pursuant to Rule 12(b)(1) and 56(c).  Defendants Lyon and O'Briant both move for summary judgment pursuant to Rule 12(b)(6) and 56.  To the extent the motions relate to subject-matter jurisdiction, the Court construes Defendants Askwith, Lyon and O'Briant's motions as motions to dismiss pursuant to Rule 12(b)(1).  *See Primax Recoveries Inc. v. Gunter*, 433 F.3d 515, 517 (6th Cir. 2006) ("'[Rule 12(b)(1)] determines whether the plaintiff has a right to be in the particular court and [Rule 12(b)(6)] is an adjudication as to whether a cognizable legal claim has been stated.'" (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (3d ed. 2004))).

because there is no diversity of citizenship among the parties. Defendants Askwith, Lyon and O'Briant also contend that the Court lacks subject-matter jurisdiction based on the *Rooker-Feldman* doctrine. The Court will *sua sponte* consider whether it has subject-matter jurisdiction as to Defendant Joseph Kwiatkowski.[3] Plaintiff is on notice as to the question of subject-matter jurisdiction as it has been raised by Defendants Askwith, Lyon and O'Briant. Plaintiff has had an opportunity to address the question of subject-matter jurisdiction as he filed responses to the motions of Defendants Askwith, Lyon and O'Briant. (Pl.'s Resp. to Askwith's Mot., Docket #18; Pl.'s Resp. to Lyon's Mot., Docket #26; Pl.'s Resp. to O'Briant's Mot., Docket #10.)

## I.

Plaintiff Jeffrey R. Burnett filed this action against Defendants, alleging that each Defendant had committed legal malpractice. Plaintiff alleges that Defendant Lyon committed malpractice in representing Plaintiff in relation to the estate of Plaintiff's mother. Plaintiff alleges that Defendant Askwith committed malpractice in representing the personal representative of the estate of Plaintiff's mother. Plaintiff alleges that Defendant Kwiatkowski committed malpractice in representing Plaintiff in a criminal case. Plaintiff

---

[3]A motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6) and 56 was filed on behalf of Defendant Kwiatkowski, however, the motion was electronically filed by an attorney other than the attorney who had signed the motion. (Kwiatkowski's Mot. for Summ. J., Docket #21.) As a result of this discrepancy the motion was not deemed to have been filed. W.D. MICH. LCIVR 5.7(e)(i). The motion has not been re-filed.

alleges that he retained Defendant O'Briant to bring the malpractice claims against the other three attorneys. Plaintiff alleges Defendant O'Briant committed malpractice in the course of pursuing the malpractice claims against the other three attorneys. Plaintiff's complaint identifies all four Defendants as having their principle place of business in Michigan. (Compl., Docket #1, at ¶¶ 2-5.) Plaintiff identifies himself as a resident of Michigan. (*Id.* at ¶ 1.)

## II.

The federal courts are courts of limited jurisdiction which may exercise only those powers authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the party asserting the Court's jurisdiction, Plaintiff has the burden of proving that the Court has subject-matter jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006).

### A. Federal Question Jurisdiction

"Congress has provided district courts with subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Primax Recoveries Inc.*, 433 F.3d at 517-18 (quoting 28 U.S.C. § 1331). "A claim arises under federal law when 'the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or [the federal] Constitution.'" *Cobb v. Contract Transp. Inc.*, 452 F.3d 543, 548 (6th Cir. 2006) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152

(1908)) (modifications in the original). The existence of federal question jurisdiction is determined by examining the plaintiff's well-plead complaint. *Loftis v. United Parcel Serv. Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). Federal question jurisdiction arises where a "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Palkow v. CSX Transp. Inc.*, 431 F.3d 543, 552 (6th Cir. 2005) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Plaintiff's complaint only asserts a state-law legal malpractice claim. This alone is not sufficient to foreclose federal question jurisdiction. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 310 (2005) (holding that the absence of a federal cause of action does not resolve whether a court has federal question jurisdiction). In *Grable & Sons Metal Products* the Supreme Court framed the question of whether there is federal question jurisdiction when the question of federal law is embedded in a state-law claim as: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods.*, 545 U.S. at 314.

Under the heading "Amendment," Plaintiff's complaint refers to *Miranda v. Arizona*, 384 U.S. 436 (1966), and the Americans with Disabilities Act of 1990 ("ADA"), Pub. L. No. 101-336, 104 Stat. 327 (1990), codified at 42 U.S.C. §§ 12101-12213. (Compl. 5.) Under

4

the heading "Statement of the Nature of the Case," Plaintiff's complaint refers to the ADA, *Miranda*, the Eleventh Amendment and the Civil Rights Act of 1964. (*Id.* at 6.) Though Plaintiff's complaint refers to federal law, the discussion under these sections does not explain the relationship of any of these components of federal law to Plaintiff's state-law legal malpractice claim. In the absence of such explanation, a finding that there is a federal issue that is "actually disputed and substantial" is unwarranted. Moreover, a state-law legal malpractice claim generally does not present a federal question simply because the underlying legal activity involved federal law. *Diaz v. Sheppard*, 85 F.3d 1502, 1505-06 (11th Cir. 1996) (holding that plaintiff's legal malpractice action, where the underlying suit involved the Eighth Amendment, did not present a federal question); *Custer v. Sweeney*, 89 F.3d 1156, 1168-69 (4th Cir. 1996) (holding that plaintiff's legal malpractice action, where the underlying suit involved ERISA, did not present a federal question); *Sheridan v. New Vista L.L.C.*, 406 F. Supp. 2d 789, 794-95 (W.D. Mich. 2005) (noting that state-law legal malpractice claims, where the underlying claim involved federal law, generally do not present federal questions). Plaintiff's complaint does not allege a cause of action created by federal law or raise a federal issue that is actually disputed and substantial. Therefore, the Court does not have subject-matter jurisdiction based on the presence of a federal question.

   **B. Diversity Jurisdiction**

"In addition to giving federal district courts original jurisdiction over cases arising under federal law, *see* 28 U.S.C. § 1331, Congress 'has granted district courts original

jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens,' 'to provide a neutral forum for what have come to be known as diversity cases[.]'" *Everett v. Verizon Wireless Inc.*, 460 F.3d 818, 821 (6th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005)). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (citing *Robertson v. Cease*, 97 U.S. 646, 648-49 (1878); *Brown v. Keene*, 33 U.S. 112, 115 (1834)). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (citing *Gilbert v. David*, 235 U.S. 561, 569-70 (1915)). To ascertain intent, the Court must examine the entire course of a party's conduct in order to draw the necessary inferences as to the relevant intent. *Edick v. Poznanski*, 6 F. Supp. 2d 666, 669 (W.D. Mich. 1998). The "party 'seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.'" *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994)).

Plaintiff's complaint indicates that Plaintiff and all four Defendants are residents of Michigan. (Compl. ¶¶ 1-5.) Plaintiff's statements in his filings with the Court support an inference that he intends to remain in Michigan, therefore Plaintiff is domiciled in Michigan.

The complaint alleges that all four Defendants have their principal place of business in Michigan and are licensed to practice law in Michigan. (*Id.*) Plaintiff has the burden of establishing diversity jurisdiction and he has not presented any evidence to support conclusion other than that Defendants Askwith, Kwiatkowski, Lyon and O'Briant are all domiciled in Michigan. Based on this, there is no diversity of citizenship among the parties.

Plaintiff does contend that, contrary to the statements in Plaintiff's complaint, Defendant O'Briant is domiciled in Texas. (Pl.'s Resp. to O'Briant's Mot. 4.) Plaintiff supports this contention by reference to a document from Defendant O'Briant on letterhead with a Texas address. (O'Briant's Mot. for Summ. J., Ex. 2.) Though a party may have more than one residence, he or she may only have one domicile. *Williamson v. Osenton*, 232 U.S. 619, 625-26 (1914). The letterhead at issue has both Michigan and Texas addresses, which at most establishes that Defendant O'Briant has two residences. Establishing that Defendant O'Briant is a resident of Texas is not sufficient to establish that he is domiciled in Texas. *Stifel*, 477 F.3d at 1120 (distinguishing domicile from residence). As Plaintiff has the burden of proving diversity of citizenship, Plaintiff has not established that Defendant O'Briant is domiciled in Texas.

Lastly, even if Plaintiff could establish diversity of citizenship as to Defendant O'Briant, that would be insufficient to establish diversity jurisdiction because there must be complete diversity. 28 U.S.C. § 1332(a); *Caudill v. North Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) ("Section 1332's congressionally conferred diversity jurisdiction has been

7

interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Safeco Ins. Co. of Am. v. City of Whitehouse*, 36 F.3d 540, 545 (6th Cir. 1994))). Plaintiff has not made a showing that Defendants Askwith, Kwiatkowski and Lyon are domiciled in a state other than Michigan. Thus, even if there is diversity as to Defendant O'Briant, there is no diversity jurisdiction because there is not complete diversity.

The Court does not have subject-matter jurisdiction based on diversity of citizenship. As the Court has determined that the Court lacks subject-matter jurisdiction, the Court need not reach the question of whether Plaintiff's claim is barred by the *Rooker-Feldman* doctrine.

**III.**

The Plaintiff's complaint does not present a federal question. There also is no diversity of citizenship among the parties. In consideration of this, the Court does not have subject-matter jurisdiction. The Court grants Defendants Askwith, Lyon and O'Briant's motions to dismiss pursuant to Rule 12(b)(1).[4] Plaintiff's complaint against Defendants Askwith, Kwiatkowski, Lyon and O'Briant is dismissed as the Court lacks subject-matter jurisdiction over this case. An order will be entered consistent with this opinion.

Date:     April 30, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[4]Defendant Askwith's motion is titled as a motion for summary judgment pursuant to Rule 12(b)(1) and 56(c). Defendants Lyon and O'Briant' motions are titled as motions for summary judgment pursuant to Rule 12(b)(6) and 56. *See supra* n.2.